```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
                    Case No. 14-20488-Cr-KING

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,        )
                                 )
          -v-                     )
                                 )
ADIEL SANCHEZ BREY,              )
                                 ) Miami, Florida
                Defendant.        ) October 7, 2014
                                 ) 4:05 p.m.



                       Pages 1-15

             TRANSCRIPT OF PLEA COLLOQUY

         BEFORE THE HONORABLE BARRY L. GARBER

               U.S. MAGISTRATE JUDGE


APPEARANCES:

For the Government         ANDY CAMACHO
                           Assistant U.S. Attorney
                           99 Northeast 4th Street
                           Miami, Florida  33132-2111


For the Defendant          QUINTERO BROCHE, P.A.
                           BY:  FRANK QUINTERO, JR., ESQ.
                           75 Valencia Avenue - Suite 800
                           Coral Gables, Florida  33134

                           (Interpreters present)


REPORTED BY:               WILLIAM G. ROMANISHIN, RMR, FCRR, CRR
(305) 523-5558             Official Court Reporter
                           400 North Miami Avenue
                           Miami, Florida  33128
```

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

1           (Call to order of the Court)

2           THE COURTROOM DEPUTY:  Calling case number 14-20488-

3    Criminal-King, United States of America versus Adiel Sanchez

4    Brey.

5           MR. CAMACHO:  Good afternoon, Your Honor.  Andy

6    Camacho standing in for Marton Gyires.

7           THE COURT:  All right.

8           MR. QUINTERO:  Good afternoon, Your Honor.  Frank

9    Quintero on behalf of Mr. Sanchez Brey, who is present.

10          THE COURT:  All right, sir.  Mr. Quintero, would you

11    and your client approach the podium, please.

12          MR. QUINTERO:  Yes, sir.

13          THE COURT:  Would you announce, Mr. Quintero, the

14    purpose of this appearance.

15          MR. QUINTERO:  Yes, Your Honor.  This hearing is a

16    change of plea hearing.  The defendant intends to plead

17    pursuant to a plea agreement that has been provided to the

18    Court along with a factual proffer that has also been filed as

19    well.

20          THE COURT:  All right, sir.

21          Would you swear the defendant in, please.  Let's make

22    certain it's working.

23          THE INTERPRETER:  Sorry, Your Honor.  It was working

24    a half an hour ago.

25          THE COURT:  Is it working?

1          MR. QUINTERO:  Now it is.

2          THE COURT:  All right.  Would you swear the defendant

3    in.

4      ADIEL VLADIMIR SANCHEZ BREY, DEFENDANT, SWORN AND

5    TESTIFIED THROUGH THE INTERPRETER

6          THE COURT:  All right.  Mr. Brey, I want you to

7    understand that you have a right to have these proceedings

8    before a United States District Judge.  I'm a United States

9    Magistrate Judge.  But I understand that you and your attorney

10   have agreed to proceed before me.  Is that correct?

11         THE DEFENDANT:  Yes.

12         THE COURT:  You're now placed under oath and that

13   oath requires you to answer all questions truthfully.  Should

14   you not do so, I want you to understand that you could be

15   charged with perjury or making a false statement, either of

16   which are very serious offenses.  Do you understand?

17         THE DEFENDANT:  Yes.

18         THE COURT:  I'm going to be asking a series of

19   questions of you.  If you don't understand them, I want you to

20   feel free to ask Mr. Quintero or me to explain them to you.

21   All right?

22         THE DEFENDANT:  Yes.

23         THE COURT:  All right, sir.  Would you tell me your

24   full name.

25         THE DEFENDANT:  Adiel Vladimir Sanchez Brey.

1          THE COURT:  Where were you born?

2          THE DEFENDANT:  Cuba.

3          THE COURT:  And how old are you?

4          THE DEFENDANT:  31 years.

5          THE COURT:  How far did you go in school?

6          THE DEFENDANT:  12th grade.

7          THE COURT:  And have you been treated recently for

8   any mental illness or addiction to any type of narcotic

9   drugs?

10          THE DEFENDANT:  No.

11          THE COURT:  As you stand before the Court at this

12   time, are you under the influence of any drug, medication or

13   alcoholic beverage?

14          THE DEFENDANT:  No.

15          THE COURT:  Have you received a copy of the

16   superseding information which sets forth the charge to which

17   you are pleading guilty, and have you had an opportunity to

18   fully discuss those with your attorney, Mr. Quintero?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Are you fully satisfied with the services

21   that Mr. Quintero has given you in this case?

22          THE DEFENDANT:  Yes.

23          THE COURT:  I understand there's a plea agreement in

24   this case, is that correct, Mr. Quintero?

25          MR. QUINTERO:  Yes, Your Honor.

1            THE COURT:  All right.  Before signing that plea

2   agreement, did you have an opportunity to fully discuss it

3   with Mr. Quintero?

4            THE DEFENDANT:  Yes.

5            THE COURT:  And does that plea agreement represent in

6   its entirety the entire understanding that you have with the

7   Government regarding your plea of guilty in this case?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Do you understand the terms of the plea

10  agreement?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Do you have any questions about it

13  whatsoever?

14           THE DEFENDANT:  No.

15           THE COURT:  Has anyone made any promise or assurances

16  not in the plea agreement in order to get you to accept it?

17           THE DEFENDANT:  No.

18           THE COURT:  Has anyone threatened you in any manner

19  in order to get you to accept the plea agreement?

20           THE DEFENDANT:  No.

21           THE COURT:  Now, you understand, don't you, that the

22  terms of the plea agreement are merely recommendations to the

23  Court, and the Court could reject those recommendations

24  without permitting you to withdraw your plea of guilty and

25  could impose a sentence that's more severe than one you may

1  anticipate?  Do you understand that?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Do you understand that if the Court

4  should choose not to follow the terms of the plea agreement,

5  then you would be given the opportunity to withdraw your plea

6  of guilty; and if you choose not to withdraw it, the Court may

7  impose a more severe sentence without being bound by the terms

8  of the plea agreement?  Do you understand that?

9           THE DEFENDANT:  Yes.

10           THE COURT:  Mr. Quintero, were all offers made by the

11  Government with regard to disposing this case conveyed by you

12  to your client?

13           MR. QUINTERO:  Absolutely, Your Honor.

14           THE COURT:  Does this agreement culminate in those

15  efforts?

16           MR. QUINTERO:  Absolutely.

17           THE COURT:  All right, sir.

18           MR. QUINTERO:  May I add something, Judge, so the

19  record is clear?  Both the plea agreement and the factual

20  proffer were translated by my office from English to Spanish.

21  The defendant was provided a copy of those translations.  He

22  read them in my office before signing the plea agreement.

23           THE COURT:  All right.  You understand the plea

24  agreement, do you not?

25           THE DEFENDANT:  Yes.

1        THE COURT:  And you also understand the proffer of

2  facts setting forth the facts the Government could prove if

3  the case went to trial, is that correct?

4        THE DEFENDANT:  Yes.

5        THE COURT:  Has anyone attempted in any way to force

6  you to plead guilty or otherwise threatened you?

7        THE DEFENDANT:  No.

8        THE COURT:  Has anyone made any promises or assurance

9  of any kind to get you to plead guilty other than what's in

10  the plea agreement?

11        THE DEFENDANT:  No.

12        THE COURT:  Are you pleading guilty of your own free

13  will as to Count 1 because you are guilty of that charge?

14        THE DEFENDANT:  Yes.

15        THE COURT:  Now, you understand the offense to which

16  you are pleading guilty is a felony offense, and upon

17  acceptance of that plea of guilty by the Court, you would then

18  be adjudged guilty of that offense; and such adjudication of

19  guilt would deprive you of valuable civil rights, such as the

20  right to vote, the right to hold public office, the right to

21  serve on a jury or the right to possess any kind of firearm.

22  Do you understand that?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Are you a citizen of the United States?

25        THE DEFENDANT:  No.

1    THE COURT:  Mr. Quintero, did you discuss with your

2  client the effect of an adjudication on his standing here in

3  the United States?

4    MR. QUINTERO:  Absolutely, Your Honor.

5    THE COURT:  What did you tell him?

6    MR. QUINTERO:  My client has, I believe, two or three

7  prior convictions, felony convictions, in state court which

8  would put him in a position to be deported already.

9    I have advised my client that this conviction would

10  absolutely cause him to be deported or at least a deportation

11  order entered against him.

12    THE COURT:  All right.  You understand that you

13  would, upon service of any term of imprisonment, be deported

14  from the United States or an order of deportation would be

15  entered against you?  Do you understand that?

16    THE DEFENDANT:  Yes.

17    THE COURT:  Now, the following are the possible

18  penalties that could be imposed in this case.  There's a

19  maximum term of imprisonment of up to 20 years followed by a

20  term of supervised release for at least three years and up to

21  life.  In addition, you could be subject to a fine of up to

22  one million dollars; and you are required to pay a mandatory

23  special assessment in the amount of $100 at the time of

24  sentencing.

25    You're also subject to forfeiture, as set forth in

1  the information, and by pleading guilty, if you have waived or

2  given up your right to contest that forfeiture.

3          Do you understand those possible penalties that would

4  be imposed against you?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Now, I've mentioned that following a term

7  of imprisonment you would be on supervised release.

8          Now, supervised release is a program somewhat like

9  being on probation.  It requires you to report to a

10 supervising officer, to comply with all orders of the Court

11 and to obey the instructions and orders of the supervisor.

12 Should you violate the terms of your supervised release, I

13 want you to understand you would be brought back before the

14 Court and could face additional penalties.

15         Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you understand all the possible

18 consequences of your plea of guilty that we've discussed?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Do you have any questions about any of

21 them?

22         THE DEFENDANT:  No.

23         THE COURT:  Now, the Court will use several factors

24 in determining an appropriate sentence in this case.  The

25 Court will consider the advisory Sentencing Guidelines,

1  possible departure from those guideline ranges and other

2  statutory sentencing factors.

3          Have you discussed with your attorney how the

4  advisory Sentencing Guidelines might affect your sentence?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand what Mr. Quintero told

7  you about that?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Now, the advisory guideline range cannot

10  be determined until a presentence report has been prepared by

11  Probation, and upon completion of that report, you and/or the

12  Government have the right to file objections to all or part of

13  it, and the Court then would have to rule upon those

14  objections; and the sentence ultimately imposed may be

15  different from any estimate that your attorney might have

16  given you.  Do you understand?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Now, once your initial advisory guideline

19  range has been determined, the Court under certain

20  circumstances can depart from that range either upward or

21  downward and consider other sentencing factors that may result

22  in the imposition of a sentence that is either greater or

23  lesser than the advisory guideline range.

24          Do you also understand that in the federal system

25  there is no such thing as parole any longer?  Do you

1   understand that?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Now, do you also understand that under

4   certain circumstances you or the Government might have the

5   right to appeal any sentence that's imposed or to raise any

6   issue that you think should be considered on appeal?  Do you

7   understand that?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Now, by entering into the plea agreement

10  and entering your plea of guilty, you will have waived or

11  given up your right to a trial in this matter.  Do you

12  understand?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Again, I have a series of questions I'm

15  going to ask you.  If you don't understand them, ask

16  Mr. Quintero or me to explain them to you.

17           Do you understand that you have a right to plead not

18  guilty and to persist in that plea of not guilty, and if you

19  did so, then you'd have the right to a trial by jury.  You

20  would enter that trial presumed to be innocent of any criminal

21  charge, and that presumption of innocence would remain with

22  you until such time as the Government, if it can, overcomes it

23  by proving your guilt beyond a reasonable doubt.

24           If you chose to go to trial, you'd have the right to

25  the assistance of an attorney, one appointed by the Court

1  should you not be able to afford one, and the attorney would

2  be with you at the trial and all stages of the proceeding.

3       At the trial you'd have the right to see and hear all

4  witnesses that testified against you and have your attorney

5  cross-examine them; and you'd have the right on your own part

6  to decline to testify or offer a defense unless you

7  voluntarily chose to do so.  If you went to trial, you'd also

8  have the right to compel the attendance of any witnesses that

9  you wish to testify on your behalf.

10       Do you understand those things I've told you?

11       THE DEFENDANT:  Yes.

12       THE COURT:  If you went to trial and decided not to

13  testify or offer a defense, those facts could not be used

14  against you in any way.

15       Now, do you further understand that by entering your

16  plea of guilty and upon acceptance of that plea by the Court,

17  there will be no trial and you will have waived or given up

18  your right to a trial as well as those other rights that we've

19  discussed?  Do you understand that, sir?

20       THE DEFENDANT:  Yes.

21       THE COURT:  All right.  The nature of the charge to

22  which you are pleading guilty is as follows.

23       Count 1 of the superseding information charges that

24  on the dates and times set forth in the information, in the

25  Southern District of Florida, you did conspire with others to

1   possess with the intent to distribute a controlled substance,

2   that is, ethylone in a quantity of approximately one kilogram,

3   more or less, in violation of Title 21, United States Code,

4   Section 846.  That's the charge to which you are pleading

5   guilty.  Do you understand that?

6               THE DEFENDANT:  Yes.

7               THE COURT:  Now, I understand there has been a

8   proffer of facts executed by the defense and the Government,

9   is that correct?

10              MR. QUINTERO:  Yes, Your Honor.

11              MR. CAMACHO:  Yes, Your Honor.

12              THE COURT:  May we agree that that proffer can be

13  made part of the record in lieu of having the defendant

14  testify as to what his charge is?

15              MR. QUINTERO:  Absolutely, Your Honor.

16              MR. CAMACHO:  Yes, Your Honor.

17              THE COURT:  All right.  Fine.  It will be made part

18  of the record.

19              As I indicated, now you have to go meet with a

20  probation officer and furnish such information as may be

21  needed to prepare that presentence report for the Court's

22  use.

23              I'd ask you now, sir, how do you plead to the charge

24  set forth in Count 1 of the superseding information:  Guilty

25  or not guilty?

1          THE DEFENDANT:  Guilty.

2          THE COURT:  It's the finding of the Court in the case

3   of the United States of America versus the defendant, Adiel

4   Sanchez Brey, that the defendant is fully competent and

5   capable of entering an informed plea; that the defendant is

6   aware of the nature of the charges and the consequences of his

7   plea of guilty; and the plea of guilty is a knowing and

8   voluntary plea supported by an independent basis in fact

9   containing all of the material elements of the offense.

10          The plea is therefore accepted and the defendant is

11   now adjudged guilty of that offense.

12          Now, as I indicated, you've got to meet with the

13   probation officer with your attorney and furnish information

14   that may be needed for the presentence report.

15          The defendant appears to be at liberty on bond, is

16   that correct?

17          MR. QUINTERO:  That is correct, Your Honor.

18          THE COURT:  Is it the Government's recommendation

19   that he continue on bond pending sentence?

20          MR. CAMACHO:  Yes, Your Honor.  The Government's

21   recommendation is that he remain on the same conditions

22   originally imposed.

23          THE COURT:  All right.  The Court will adopt that

24   recommendation as an order and the defendant is continued on

25   bond and all other conditions pending imposition of sentence.

1        Is there anything further to come before the Court at

2   this time?

3            MR. QUINTERO:  No, Your Honor.

4            MR. CAMACHO:  No, Your Honor.

5            THE COURT:  All right.  Good luck to you, Mr. Brey.

6      *    *    *    *    *    *    *    *    *    *

7                    C E R T I F I C A T E

8

9        I certify that the foregoing is a correct transcript

10  from the record of proceedings in the above-entitled matter.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25